# Zitek, Appellant, *v.* McCabe.

*Sales of real estate—Fraud—Defects—Failure to disclose.*

In an action of assumpsit upon a written contract for the sale of real estate the agreement provided that the down money should be retained by the vendor as liquidated damages should the purchaser default. The agreement was never consumated, the purchaser declaring that there were representations made by the vendor as to the conditions of the property, which relieved the purchaser of the performance of the contract and which entitled her to recover back the down money. the basis of the suit.

The evidence produced at the trial disclosed that the vendor had declined to permit the vendee to inspect the house because it was occupied by a tenant, but that the vendee had ample opportunity to make an inspection of the property. The representations as to the condition of the house were not definite and amounted to a general assertion that the house was in good condition, and carried with them no guarantee. The request by the vendor that the purchaser should not inspect the premises because they were rented did not prevent a casual inspection of the exterior and all the defects complained of were ascertainable readily by merely looking at the house. The opportunities to see the outside of

the house were common to both parties. Under such circumstances no relation of confidence existed between the parties to the sale, both persons having equal means of information, and failure to disclose defects was not fraud.

Argued November 16, 1927. Appeal No. 333, October T., 1927, by plaintiff from judgment of M. C., Philadelphia County, August T., 1927, No. 831, in the case of Anna M. Zitek v. Ellen McCabe. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit upon a contract for the sale of real estate. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $540. Subsequently the court entered judgment non obstante veredicto. Plaintiff appealed.

*Error assigned* was the entry of judgment.

*Lewis C. Cassidy,* for appellant.

*Winfield W. Crawford,* for appellee, cited: Sulkin v. Gilbert, 218 Pa. 255; Williams v. Notopolos, 259 Pa. 469; Evans v. Edelstein, 276 Pa. 516; York Heating Company v. Flannery, 87 Pa. Superior Ct. 19.

OPINION BY TREXLER, J., March 2, 1928:

The parties to this suit entered into a written agreement for the sale of a house and lot. Five hundred dollars ($500) was paid as down money to be retained by the vendor as liquidated damages should purchaser default. The agreement was never consummated, the purchaser declaring that there were representations made by the vendor as to conditions of the property which relieved the purchaser from performance of the

contract and entitled her to recover back the down money. This suit was brought for that purpose.

Anna M. Zitek, the plaintiff, testified that she desired to purchase the property in question and went to see Mrs. McCabe, the owner, "I asked her if I could see the house. She says, no, there was a tenant in the house. I asked 'Well, is it in good condition?' She says, 'Yes, it is in perfectly good condition,'" and some more in repetition of the statment. After the agreement was executed, Mrs. Zitek went through the alley past the house she had purchased and saw that the fence in the back part of the property was falling over and the gate was falling in and the boards were loose. One could see spaces between them. On the second story of the house there was a space about twenty inches long and six or eight inches wide where the clapboards were out and you could see the plaster and the slats were out of four shutters; the fancy work on the front door was pulled off and the door bell had been pulled out. Upon cross-examination, Mrs. Zitek stated that she lived on the same street upon which the house in question was situated, that the house she occupied was on the opposite side of the street "six or seven houses below the house No. 76 and in the same square." The agreement of sale was procured by Mrs. Zitek who brought the agreement to the vendor to sign. This is in substance the plaintiff's proof. She claims that the representations made constituted fraud and were the inducements that led her to enter into the agreement and when discovered to be untrue gave her the right to rescind. The jury found for the plaintiff but judgment was entered for the defendant n. o. v.

The inducements were made five days before the written agreement was entered into. The representations were not definite. No particular statements as to any part of the premises. Merely a general asser-

tion that the house was in good condition and this carried with it no guarantee. It was rather an expression of opinion. The request by the vendor that the purchaser should not inspect the premises because they were rented did not prevent a casual inspection of their exterior and all the defects complained of were ascertainable readily by merely looking at the house as one was passing. The opportunities to see the outside of the house were common to both parties and as stated before, the plaintiff lived near the premises which she sought to buy and the plaintiff had abundant opportunity to see the outside of the building she desired to purchase before closing the transaction. She had five days in which to walk across the street and satisfy herself as to the correctness of defendant's conclusion that the house was in good condition. There is no relation of confidence, both parties having equal means of information. Graham v. Pancoast, 30 Pa. 89.

The judgment is affirmed.