## La Rosee v. La Rosee et ux.

*I. J. & D. W. Vanartsdalen,* for plaintiff.
*Edward J. McGlinchey,* for defendants.

KELLER, P. J., November 6, 1953.—This matter is before us upon preliminary objections to plaintiffs' bill of complaint. Plaintiff brought suit against defendants and filed his complaint in the alternative. In count no. 1, plaintiff alleges that, at the request of defendants, who are the owners of certain premises in

Solebury Township and more particularly described in the complaint, he supplied and delivered to defendants certain materials, to wit, lumber, stone and building supplies, more particularly set forth in exhibit A, attached to the complaint, for the purpose of constructing a dwelling house for defendants on their premises; that the value of the lumber furnished was $1,134.15, on account of which defendants are entitled to a credit of $378.05, for help and labor supplied by defendant, Donald K. W. La Rosee. Plaintiff further claims $220 for the stone furnished at the price of $1 per ton, and $910 for 364 hours of labor, at the rate of $2.50 per hour, making a total claim of $1,886.10.

In count no. 2, plaintiff claims on a specific contract. He alleges, inter alia, that on or about August 1950, he and defendants entered into an oral agreement and contract, to erect two dwelling houses, one to be erected on the premises of defendants and the other on the premises of plaintiff; that the dwelling house on defendants' premises to be erected first and be the absolute property of defendants upon completion; that plaintiff, with the assistance of defendant, Donald K. W. La Rosee, was to supply most of the lumber and building stone necessary and also assist as a skilled stone mason in the building of the foundation wall and other stone work of defendants' dwelling house; and that defendant, Donald K. W. La Rosee, was to assist plaintiff, as laborer, in the erection of defendants' premises and also in the erection of plaintiff's premises.

Plaintiff avers that, pursuant to the oral contract, he fully complied with the terms and conditions thereof, but that defendant, despite his oral promise to do so and the full compliance by plaintiff, has failed and refused to comply with the terms of the contract and, therefore, plaintiff claims and demands the sum of $1,875 from defendants, as damages for breach of contract.

Defendants, in their first preliminary objection, request that the complaint be stricken off because of the defective verification, it not being in accordance with Pa. R. C. P. 1024(*b*). We agree that there is merit in this contention. Rule 1024(*b*) requires that where a pleading contains averments which are inconsistent in fact, the verification shall state that the affiant has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that he has knowledge or information sufficient to form a belief that one of them is true. It will be noted in count no. 1, that plaintiff sues on a quantum meruit for labor, materials and services furnished defendants. In count no. 2 he seeks to recover on a specific oral contract. In our opinion this constitutes an inconsistency and, therefore, under the law, the ordinary form of verification is unsuitable, since the pleader cannot take an affidavit that both alternatives are true. See 2 Anderson Pa. Civil Practice 416; Consoli v. Heilman et ux., 74 D. & C. 129.

Defendants' second preliminary objection is in the form of a motion for a more specific complaint. Their first allegation, in support of this motion, is that the complaint avers delivery of certain materials but does not (a) state the source of the materials supplied; (b) show invoices for the material averred to have been delivered. We know of no law that requires a complainant to state the source of materials supplied or invoices for materials averred to have been delivered. In our opinion, it is sufficent if the complainant furnishes a detailed or itemized statement of the materials supplied, which was done in this case in the form of exhibit A, attached to the complaint.

At the argument, counsel for plaintiff conceded that the complaint was not as specific in detail as it should be, but explained that plaintiff is the father of defendant, Donald K. W. La Rosee, and that the other de-

fendant, Joyce Elizabeth La Rosee, is the latter's wife; that this cause of action arose out of a mutual agreement between the father and son, whereby the father was to first assist his son in building a house on the land which the father had conveyed to the son. In return for this assistance, the son, according to the averments of the complaint, agreed to assist the father in certain specific matters to build a house on the father's premises.

Because of this close family relationship, plaintiff kept no accurate record of the number of hours and days worked by him and defendant. Neither were there any accurate book accounts kept and, consequently, the complaint could not be made more accurate. With this explanation, we can readily understand the difficulty which faced the attorneys for plaintiff. However, we believe that the complaint could be made sustainable in respect to the number of days and hours worked by plaintiff and defendant by setting forth therein the approximate number of days or hours and the period within which the work was performed.

This court, in the recent decision of Goepfert v. Town Motors Automotive Co., Inc., 1 Bucks Co. Law Reporter, 134-137, said that "the complaint should be not only concise, but precise; ambiguous, vague, inconclusive and indefinite averments and general allegations should be avoided in order that the defendant may be able to answer the complaint in such a manner as to place the disputed questions of fact at issue." We, accordingly, sustain defendants' preliminary objections to the complaint and allow plaintiff to amend or file a new complaint to overcome defendants' objections.

And now, to wit, November 6, 1953, defendants' preliminary objections are sustained and plaintiff is given leave to file a new or amended complaint within 20 days from this date.