Borelli et ux., Appellants, v. Barthel.

Argued April 12, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*David McNeil Olds,* with him *Elder W. Marshall,* and *Reed, Smith, Shaw & McClay,* for appellants.

*William H. Marcus,* with him *Howard R. Eulenstein,* for appelles.

OPINION BY JACOBS, J., June 17, 1965:

In this case the plaintiffs, appellants herein, brought an action in trespass for deceit in connection with the sale of a house to them by defendants, appellees herein. The complaint alleged that the purchase was made in reliance on fraudulent misrepresentations made by the defendants and sought damages because the house was not as represented. The defendants de-

murred to the complaint which the plaintiffs were then permitted to amend. The court below sustained the demurrer and dismissed the complaint as amended. Plaintiffs appeal from this order.

For the purposes of a demurrer all the facts pleaded by the plaintiffs in their complaint and the amendments thereto must be taken as true. *Savitz v. Weinstein,* 395 Pa. 173. An examination of the complaint as amended reveals that the following facts were alleged:

The defendants lived at 4801 Interboro Avenue, Pittsburgh, Pennsylvania. They owned the house there and on March 12, 1963, sold the same to the plaintiffs. Either on the day of the sale or the day before, the plaintiffs visited the defendants at the premises and were told by the defendants "that the house was in A-1 condition and needed no repairs, and that the plaintiffs could move right in, and that they would not have to spend one cent for repairs." At that time the plaintiffs made an inspection of the basement and observed that the ceiling of the basement was covered with plaster board which concealed the floor joists. At that time the defendants told the plaintiffs that "the plaster board which covered the floor joists was installed to improve the appearance and looks." The representations were untrue and were known to the defendants, who made them, to be untrue. The plaintiffs purchased the property in reliance on these representations. Furthermore, at the time that the plaintiffs inspected the house there were three floor posts in the basement helping to support the upper floors. On April 29, 1963, the plaintiffs settled for the property and received the deed. On May 8, 1963, when the plaintiffs next went to the house they found six supporting floor posts in the basement instead of three. They removed the plaster board from the basement ceiling and found that the floor joists were pulling away from the main

sill and that termites had infested the joists. The defendants concealed from the plaintiffs the fact that there were six floor posts in the basement to help support the upper floors and by means of the plaster board concealed the condition of the joists from the plaintiffs. On May 8, 1963, the plaintiffs also observed many other defects in the house which we need not recount because they are not material to the decision of this case.

The elements of a cause of action such as the one now before this court are clearly set forth in *Neuman v. Corn Exchange National Bank and Trust Company,* 356 Pa. 442 at 450, in the following language:

"The Restatement, Torts, §525, succinctly comprehends the ingredients of a cause of action for deceit in the following language: 'One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or refrain from acting in reliance thereon in a business transaction is liable to the other for the harm caused him by his justifiable reliance upon the misrepresentation.' The rule is no different in Pennsylvania: see Hexter v. Bast, 125 Pa. 52, 71-72, 17 A. 252; Cox v. Highley, 100 Pa. 249, 252. To summarize,—there must be (1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation and (5) damage to the recipient as the proximate result."

It must be remembered that the truth or falsity of the allegations in the complaint is not at issue. We need only determine whether or not sufficient allegations of fact have been made to support the cause of action assuming that the same are true. We are satisfied that the allegations in the complaint support an action for deceit and that the complaint should not have been dismissed.

The allegation that defendants said that the house in which they were living needed no repairs alleged a material misrepresentation of fact. See *Connelly v. Weber*, 22 Pa. D. & C. 2d 454, wherein Judge FLOOD, now a judge of this court, but then a Judge of the Court of Common Pleas of Philadelphia County, held that a statement that repairs required in the house were minor and could be corrected by anyone handy with tools as a material representation.

Since fraudulent representations may be made by a seller as well by acts or artifices calculated to deceive as by positive assertions, *Croyle v. Moses*, 90 Pa. 250, the complaint contains other allegations of fraudulent misrepresentation. The averment that on May 8, 1963, the plaintiffs saw "six floor posts in the basement instead of three floor posts which were in the basement at the time they inspected the house" coupled with the assertion later in the complaint that defendants concealed from plaintiffs that there were six floor posts in the basement to help support the upper floors could sustain a finding that three posts had been removed prior to inspection and then replaced. The defendants' statement that the plaster board covering the floor joists was installed to improve the appearance and looks could be found to have been said to deceive plaintiffs assuming, as we must, that plaintiffs' allegations as to the condition of the floor joists after the plaster board was removed are true.

The other elements of an action for deceit, in addition to misrepresentation, are sufficiently alleged. Plaintiffs aver that defendants knew the misrepresentations to be false and intentionally made them. Under those circumstances they would be fraudulently uttered. It is further alleged that it was the intention of the defendants that the plaintiffs be induced to act by reason of the misrepresentations. Plaintiffs further allege their reliance upon the misrepresentations and

the damage to them resulting from such misrepresentations.

The main force of defendants' argument is that even if there was a mispresentation plaintiffs' reliance thereon was not justifiable. In other words they claim that plaintiffs should have inspected the property and found the defects of which they complain under the doctrine of caveat emptor. However, the doctrine of caveat emptor does not apply where the representations are of such nature that the truth or falsity thereof cannot readily be determined by the buyer. *Lake v. Thompson,* 366 Pa. 352. On the basis of the facts as set forth in the complaint no amount of inspection on the part of the plaintiffs could have determined that there had been three more support posts in the basement than were there on the day they did inspect the premises. If there were markings on the premises which indicated the former presence of those posts it does not appear in the plaintiffs' complaint and would have to be presented as a part of the defendants' case. The condition of the floor joists both as to the fact that they were pulling away from the sill and that they were termite-riddled could not be ascertained without removing the plaster board on the cellar ceiling, and for that reason was not readily ascertainable.

The cases cited by the defendants are distinguishable on their facts. In *Zitek v. McCabe,* 92 Pa. Superior Ct. 422, all of the defects were on the outside of the premises and there was nothing to prevent the buyer from making a casual inspection of the outside where the defects would easily have been seen, and this was particularly true where the buyer lived quite near the house in question. In *Gagnon v. Speback,* 383 Pa. 359, cited by the defendants for the proposition that the doctrine of caveat emptor is the law of Pennsylvania, the following quotation points out how the facts in that case differ from our facts. At page 363 the court said:

448

"Furthermore, defendants could have examined and determined for themselves the merchantability of the potatoes. *Nothing was hidden from them by plaintiff*". (Emphasis added).

Defendants argue that the complaint as amended does not comply with Pa. R. C. P. Rule 1019(b), which requires that averments of fraud be averred with particularity. If this meant that the complaint had to be drawn with skill and contain all of its allegations of fact in logical and proper sequence possibly the complaint in this case would not get past a demurrer. However, that is not what the rule means. It means that the facts constituting fraud must be alleged and we have found that such facts have been alleged in this pleading. What is prohibited is the allegation of fraud in a pleading as a mere legal conclusion without alleging the facts to support it.

What the Supreme Court said in *Savitz v. Weinstein,* supra, is applicable here: "Moreover, when the sustaining of defendants' preliminary objections will result in a denial of plaintiffs' claim, or a dismissal of plaintiffs' suit, preliminary objections should be sustained only in cases which are clear and free from doubt." This is not such a case.

Order and judgment reversed with leave to defendants to plead over within such time as the court below shall fix.