## Industrial Loan Corp. v. U. S. F. & G. Co.

*Louis Shaffer*, for plaintiff.

*Ralph J. Johnston*, for defendant.

BIGELOW, J., December 29, 1966.—By amended complaint, plaintiff seeks to recover $497.22 plus interest from defendant for a loss suffered by plaintiff by reason of an alleged forgery of the signature of David L. Jones on a judgment note payable to plaintiff bearing the signatures of Anna Jones and David L. Jones. It is the gravamen of plaintiff's complaint that this loss is covered by a bond issued by defendant insuring plaintiff against, among other eventualities, loss by reason of forged notes, and that this bond was issued pursuant to a specific request by plaintiff for such coverage. Defendant's preliminary objections to the amended complaint are in the nature of a demurrer in which defendant maintains that the amended complaint does not allege a cause of action under the bond attached to the amended complaint as "Exhibit A", and particularly under the provisions thereof set forth in paragraph 14 of plaintiff's amended complaint.

For the purposes of the demurrer, all facts pleaded in the complaint and the amendments thereto must be taken as true: Borelli v. Barthel, 205 Pa. Superior Ct. 442. Every material and relevant fact well pleaded in the complaint and every inference fairly deducible therefrom must be considered as true: Yania v. Bigan, 397 Pa. 316.

Paragraph 14 of the amended complaint is as follows:

"14. Plaintiff avers that the rider attached to said bond, headed 'Forgery Insuring Clause,' which provides as follows:

" '*Any loss through forgery* or alteration *of, on or in any* check, draft, *promissory note*, bill of exchange or any similar written promise, order, or direction to pay a sum certain in money *made or drawn by or*

*drawn upon or as a direction to the Insured, or made or drawn by one acting as agent of the Insured, or purporting to have been made or drawn as hereinbefore set forth,* including (a) any check or draft made or drawn in the name of the Insured, payable to a fictitious payee and endorsed in the name of such fictitious payee whether or not such endorsement be a forgery within the law of the place controlling the construction thereof; and (b) any check or draft procured in a face to face transaction with the Insured or with one acting as agent of the Insured by anyone impersonating another and made or drawn payable to the one so impersonated and endorsed by anyone other than the one impersonated, whether or not such endorsement be a forgery within the law of the place controlling the construction thereof.'

covers the loss herein claimed and demands judgment against the defendant". (Italics supplied).

Exhibit "B" attached to the original complaint is a copy of the note (bearing the typed names "Anna Jones" and "David L. Jones") referred to in paragraph 4 of the amended complaint as having been received by mail from said Anna Jones and David L. Jones as security for a loan of $600 made in the normal course of its business at its office, which note bore the signatures of Anna Jones and David L. Jones, the borrowers. In paragraph 8 of the amended complaint, plaintiff avers that after payments received until March 23, 1965, whereby the principal debt was reduced to $497.22, its assistant manager, David H. Lippincott, was advised by David L. Jones that his signature was a forgery, that he had not received any of the proceeds of the loan and was not aware of the existence of the note until demand for payment was made upon him on or about April 29, 1965.

Exhibit "A", entitled "Small Loan Companies Blanket Bond", contains the following limitation:

"Section 1. THIS BOND DOES NOT COVER:

"(a) Any loss resulting directly or indirectly from forgery, except when covered by Insuring Clause (A)".

In the bond "Insuring Clause (A)" is as follows:

"THE LOSSES COVERED BY THIS BOND ARE AS FOLLOWS:

"FIDELITY INSURING CLAUSE

"(A) *Any loss of money or other property,* including Property as defined herein, *belonging to the Insured, or in which the Insured has a pecuniary interest,* or for which the Insured is legally liable, or held by the insured in any capacity whether the Insured is legally liable therefor or not, through any dishonest *or fraudulent act, wherever committed, of any of the Employees,* whether acting alone or in collusion with others". (Italics supplied).

No dishonest act of an employe, alone or in collusion with any other person, is pleaded by plaintiff either directly or inferentially.

In the body of the bond, the word "property" is defined, inter alia, "as ... and also ... promissory notes, ... in which the Insured has an interest or which are held by the Insured for any purpose or in any capacity and whether so held gratuitously or not and whether or not the insured is legally liable therefor".

Thus, while the bond specifically excludes forgery as a covered risk except by an employe, the rider, in addition to setting forth the terms embodied in paragraph 14 of the amended complaint, specifically embodies this provision captioned "D" in the rider by reciting:

"1. The attached bond is hereby amended:

"(a) By adding thereto an additional Insuring Clause as follows:

"FORGERY INSURANCE CLAUSE

"(b) By deleting the periods at the end of sub-sec-

tions (a), (b) and (e), of Section 1 and by substituting in lieu thereof the following: 'or (D)' ".

The body of the amending clause specifically insures against "any loss through forgery . . . of . . . any promissory note . . . made or drawn by or drawn upon . . . the Insured". Defendant maintains that this language must be construed to exclude a promissory note made payable to the order of the insured in which the signature of the promissor is a forgery.

Defendant also maintains that the words of the contract are clear and unambiguous and that, as the promissory note was not "made or drawn by or upon or as a direction to the Insured or made or drawn by one acting as agent of the Insured or purporting to have been made or drawn" in this manner, the loss alleged to have been suffered by plaintiff insured is not recoverable under the terms of this policy and the rider thereto.

The difficulty with plaintiff's position is that the contract does not by its terms specifically cover the loss suffered by plaintiff. It clearly insures against loss by forgery of promissory notes held by the insured in any capacity, but restricts the persons committing the forgery insured against to employes or agents of the insured, as noted above. Thus, the specific clause limits the application of the general clause, after a specific provision that forgery loss is not covered except as to acts of employes. Rules of construction are not applicable to a document, the meaning of which is free from doubt: Atlantic Refining Company v. Wyoming National Bank of Wilkes-Barre, 356 Pa. 226. Compare: Brownsville Lodge No. 357, Knights of Pythias v. Great American Indemnity Company, 128 Pa. Superior Ct. 553, and Herre Brothers, Inc. v. Rhoads, 208 Pa. Superior Ct. 357, 364.

If the note purported to be executed by an authorized officer or agent of the insured, it would then clearly be

within the "FORGERY INSURANCE CLAUSE". However, the makers are Anna Jones and David L. Jones, identified as borrowing customers of the insured and not as agents or authorized employes. See: 10 C. J. S. 444. The instrument is a promissory note and is pleaded as such, and is not a check, draft or bill of exchange; nor is it pleaded to be such. As to forgery of promissory notes, the bond is essentially a fidelity bond insuring against liability incurred by the insured. As to fictitious payees or endorsements of impersonated persons, the insurance is limited to losses through forgery of checks or drafts, neither of which class of instruments is involved in this action. Thus, Industrial Loan Corp. v. Wyoming National Bank of Wilkes-Barre, 79 D. & C. 27, 41 Luz. 456, is inapplicable to the instant case.

For the above reasons, defendant's demurrer will be sustained. Defendant's preliminary objection in the nature of a demurrer is sustained.