## Bowers v. Bon Ton Foods, Inc.

*Glenn C. Vaughn,* for plaintiff.
*George M. Elsesser, Jr.,* for defendant.

ATKINS, P. J., January 25, 1972.—Here, plaintiff filed a complaint in an action of assumpsit, seeking an accounting for commissions allegedly due him. He states his claim on two alternative theories.

He alleges that in October 1963, defendant engaged him, "to promote the marketing of defendant's products as a manufacturer's representative," with the understanding that he could remain in that position so long as he desired. He further alleges that he diminished his activities for other manufacturers in order to devote his time to accomplishing the objectives of the defendant. He further claims that he expended substantial sums of money coming from his personal funds to develop customers for defendant. The complaint alleges that in the contract of employment it was agreed that a fixed commission ascertained by a percentage of gross sales would be paid for his services. On certain sales, the commission was to be one percent of the gross, and on certain other types of sales, it was to be two and one-half percent of the gross. Alternatively, he alleges that the contract, while providing for employment, made no provision for compensation as such. He therefore contends that under the law of what used to be quasi contracts, and which currently is referred to as restitution, he is entitled to recover the reasonable value of the services rendered to defendant.

It is then alleged that on April 15, 1966, or thereabouts, he was told that his services were no longer needed as of that date and that no payments have been made to him by defendant for any sales made

subsequent to April 15, 1966, to any customers of his which he obtained for defendant prior to that date. He does agree that payment of commissions was made for sales made prior to April 15, 1966.

Defendant has filed preliminary objections to the complaint. The first of these is that the verification of the complaint does not comply with Pa. R. C. P. 1024 (b) which provides:

"If a pleading contains averments which are inconsistent in fact, the verification shall state that the affiant has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that he has knowledge or information sufficient to form a belief that one of them is true."

Here, the complaint alleges as above indicated both an express contract, including a fixed compensation, and also an agreement that does not provide for compensation but which plaintiff contends establishes a relationship whereby he is entitled to recover the reasonable value of the services rendered to defendant. He seeks an accounting to determine the actual amount due him. There can be no doubt that failure to comply with rule 1024(b) is ground for striking defendant's pleading: O'Reilly and White, Inc. v. Ferguson, 7 Chester 179, Galli v. Painter, 56 Lancaster 235, Hartman v. Hutton, 21 D. & C. 2d 339. Although these are all cases in various Courts of Common Pleas, we have found no occasion in courts of equal authority holding differently from those above quoted. On the other hand, the mandate of the rule is recognized by the Superior Court in Tate v. Connor, 184 Pa. Superior Ct. 427, and in General Mills, Inc. v. Snavely, 203 Pa. Superior Ct. 162.

Defendant in its brief argues that rule 1024(b) applies only where there are inconsistent facts pleaded

as opposed to an inconsistent theory of recovery and cites York Flour Mills, Inc. v. Terre Hill Silo Co., 76 York 191, as authority for that position. In that case, it is true that only one set of facts was alleged but that the complaint pointed to different theories for the measure of damage. In this case, however, there are two inconsistent sets of facts alleged. First, a contract providing for a fixed compensation is alleged, and on the other hand it is alternatively alleged that there was no fixed compensation provided for in the contract and that the right of recovery is based on the legal consequences arising from the circumstances under which the services were performed. Therefore, we conclude that the complaint is subject to be stricken because of the improper form of the verification.

In view of this, it would be unnecessary at this time to pass on the other objection which is in the form of a demurrer, but since plaintiff will be given the right to amend the verification, it would appear that we probably then would be required to pass on the points raised in the demurrer, and in order to avoid unnecessary delay in the ultimate determination in this matter, we will pass on the demurrer now.

There are four reasons advanced in support of the demurrer. First, is that the complaint fails to set forth the quantity of work done by plaintiff. As previously pointed out, this is an action for an accounting and one of its principal purposes is to learn the amount of sales made by defendant for which commissions are due plaintiff from and after April 15, 1966. Second, it is stated that defendant paid for all of the services rendered during the period he was employed. It is true the complaint admits payment of services prior to April 15, 1966, but the request for the accounting and the claim for additional compensation is for the period after April 15, 1966, for which it is

specifically alleged that no payments have been made to plaintiff. Third, it is alleged that plaintiff fails to state facts to support a claim for any sum *above that already paid.* The complaint alleges that the termination of plaintiff's employment was without right and because of this he is entitled to commissions on sales to his customers made after April 15, 1966, because of the alleged lack of right on the part of defendant to dismiss him. Fourth, it is charged that plaintiff does not state how much has already been paid to him. Actually, on the facts as set forth in the complaint, this would appear to be immaterial. He does not claim that anything is due him for sales made prior to April 15, 1966, and, apparently, he is satisfied that the account is clear up to that time. As we have already pointed out, he is alleging liability only for sales made after April 15, 1966.

We, accordingly, enter this

### ORDER

And now, to wit, January 25, 1972, it is ordered, adjudged and decreed that defendant's motion to strike plaintiff's complaint be and is hereby sustained. The objection in the nature of a demurrer is overruled. Plaintiff may file an amended verification to his complaint within 20 days from the date hereof.