**Edel v. Callen**

*John J. DeCaro,* for plaintiff
*Anthony S. Piatek,* for defendant

COX, J., MAY 31, 2013—Before the court for disposition are the preliminary objections To plaintiff's amended complaint filed on behalf of the defendant Ted Callen, individually and doing business as Two Fat Guys And An Oven, which argue the following:

I. The plaintiff's amended complaint does not conform to Pa.R.C.P. No. 1024(b) as it asserts inconsistent causes of action in counts I, II, III and IV without attaching the proper verification;

II. Count II of the plaintiff's amended complaint lacks

specificity and is legally insufficient as the plaintiff has failed to specify the alleged breach by the defendant or any type of actual damages;

III. Count III of the plaintiff's amended complaint is legally insufficient as it fails to set forth that the defendant made a material misrepresentation;

IV. Count IV of the plaintiff's amended complaint is legally insufficient as the plaintiff has failed to aver that the defendant deliberately deprived the plaintiff of his personal property because that claim was based upon an alleged claim for withholding future proceeds from the purported partnership; and

V. Count V of the plaintiff's amended complaint lacks specificity and is legally insufficient as it asserts a claim for unjust enrichment but fails to aver what effort, time, skills and experience the plaintiff performed for the benefit of the defendant.

The facts as averred in the plaintiff's amended complaint are as follows: The defendant Ted Callen, individually and doing business as Two Fat Guys And An Oven, and the plaintiff Phillip Edel entered into an oral agreement to open and operate a bakery known as Two Fat Guys And An Oven. The alleged oral agreement set forth that the plaintiff would work in and manage the bakery while the defendant would provide the initial capital. The plaintiff also asserts that the agreement provided that he and the defendant would split the proceeds of the partnership after the defendant was compensated for his initial investment. The plaintiff and the defendant opened

their bakery at 811 Moravia Street, New Castle, Lawrence County, Pennsylvania in May of 2011. However, the landlord increased the rent at that facility in July of 2011 and they relocated to another facility at 839 Moravia Street, New Castle, Lawrence County, Pennsylvania. They opened for business as Two Fat Guys And An Oven on October 1, 2011. The plaintiff worked for the bakery approximately 587 and one half hours from July 31, 2011, through October 7, 2011. According to the plaintiff's amended complaint, on October 8, 2011, the defendant prevented the plaintiff from entering the bakery and sharing the proceeds of the business. After that date, the defendant has refused to allow the plaintiff to access partnership property or participate in partnership affairs. Moreover, the plaintiff alleges that the defendant refuses to pay the plaintiff's share of the partnership proceeds.

As a result, the plaintiff filed suit on August 22, 2012, asserting claims for dissolution of partnership, breach of partnership agreement, fraud, conversion, breach of oral employment agreement and unjust enrichment. On September 11, 2012, the defendant filed preliminary objections. In response, the plaintiff filed an amended complaint. The defendant has now filed preliminary objections to the amended complaint.

First, the defendant claims the plaintiff's amended complaint does not conform to Pa.R.C.P. No. 1024(b) as it asserts inconsistent causes of action in counts I, II, III and V without attaching the proper verification.

Pa.R.C.P. No. 1024(a) and (b) state:

(a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

(b) If a pleading contains averments which are inconsistent in fact, the verification shall state that the signer has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that the signer has knowledge or information sufficient to form a belief that one of them is true...

It appears that a party seeking to recover the quantum meruit value of services or products rendered to another party and to recover for breach of contract must attach a verification to the complaint that conforms with Pa.R.C.P. No. 1024(b). *See La Rosee v. La Rosee*, 86 Pa. D. & C. 245 (Pa. Com. Pl. Bucks 1954); *Bowers v. Bon Ton Foods, Inc.*, 58 Pa. D. & C. 2d 372 (Pa. Com. Pl. York 1972). In *La Rosee*, the court held that a claim for quantum meruit for the cost of supplies utilized in the construction of a house and labor and a claim for breach of contract were inconsistent requiring the plaintiff to verify the complaint using the form prescribed in Pa.R.C.P. No. 1024(b). *La Rosee*, 86 Pa. D. & C. at 247. "A cause of action for unjust

enrichment may arise only when a transaction of the parties not otherwise governed by an express contract confers a benefit on the defendant to the plaintiff's detriment without any corresponding exchange of value." *Villoresi v. Femminella*, 856 A.2d 78, 84 (Pa. Super. 2004) (citing *Temple Univ. Hosp. v. Healthcare Mgmt.*, 832 A.2d 501, 507 (Pa. Super. 2003); *Mitchell v. Moore*, 729 A.2d 1200, 1203-1204 (Pa. Super. 1999)). In addition, it has been determined that claims of unjust enrichment and breach of contract are inconsistent for the purposes of alternative pleading and must be pleaded in separate counts. *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 (Pa. Super. 2009).

In the current matter, the plaintiff has asserted claims for dissolution of partnership, breach Of partnership agreement, and fraud in counts I through III. However, in count V, the plaintiff pleaded a claim for unjust enrichment. It is apparent that counts I through III are based upon an express agreement between the plaintiff and the defendant. Conversely, count V is based upon the value of services he provided to the business, not on any alleged breach of contract. Hence, the claim for unjust enrichment is similar to a claim in quantum meruit as the plaintiff is attempting to recover for the fair market value of his services. As such, count V is inconsistent with counts I through III and the plaintiff is required to utilize the verification set forth in Pa.R.C.P. No. 1024(b). Therefore, the defendant's first preliminary objection is sustained and the plaintiff is granted leave to amend his amended complaint to include a verification in accordance with Pa.R.C.P. No. 1024(b).

Next, the defendant contends that count II of the

plaintiff's amended complaint lacks specificity and is legally insufficient as the plaintiff has failed to specify the alleged breach by the defendant or any type of actual damages.

"A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient." *Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008) (citing *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa. Super. 2001)). A demurrer must be resolved based solely on the pleadings, no testimony or evidence outside of the complaint may be considered to dispose of the legal issue presented. *Id.* "All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007) (citing *Cardenas*, supra.). A demurrer will only be sustained in cases where the complaint fails to set forth a valid cause of action. *Lerner v. Lerner*, 954 A.2d 1229, 1235 (Pa. Super. 2008) (citing *McArdle v. Tronetti*, 426 Pa. Super. 607, 627 A.2d 1219, 1221 (1993)). If a doubt exists regarding whether a demurrer should be sustained, the doubt must be resolved in favor of overruling the demurrer. *R.W. v. Manzek*, 585 Pa. 335, 351, 888 A.2d 740, 749 (2005) (citations omitted). Fact-based defenses are irrelevant when ruling on a preliminary objection in the nature of a demurrer. *Werner v. Plater-Zyberk*, 799 A.2d 776, 783 (Pa. Super. 2002) (citing *Orner v. Mallick*, 515 Pa. 132, 135, 527 A.2d 521, 523 (1987)). "A 'speaking demurrer' is defined as 'one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected, or in other words, which

alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of the pleading.'" *Regal Indus. Corp. v. Crum and Forster, Inc.*, 890 A.2d 395, 398 (Pa. Super. 2005) (quoting *Black's Law Dictionary* 299 (6th ed. 1991)). The court is not permitted to consider a speaking demurrer in rendering its decision on preliminary objections. *Id.*

The specificity of a pleading is governed by Pa.R.C.P. No. 1019, which states "(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pennsylvania is a fact-pleading jurisdiction, which requires the plaintiff to provide the defendant with notice of what the plaintiff's claim is and the grounds for the claim. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Com'n (PGC)*, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008) (quoting *Sevin v. Kelshaw*, 417 Pa. Super. 1, 611 A.2d 1232, 1235 (1992)). Additionally, the plaintiff must summarize the facts essential to support the claims. *Id.* "The rule requires a plaintiff to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action. The pleading must be sufficiently specific so that the defending party will know how to prepare his defense." *Commonwealth ex rel. Pappert v. TAP Pharmaceuticals Products, Inc.*, 868 A.2d 624, 635 (Pa. Cmwlth. 2005) (citing *Department of Transportation v. Shipley Humble Oil Co.*, 29 Pa. Cmwlth. 171 370 A.2d 438 (1977)). The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses that are asserted in the case.

*Krajsa v. Keypunch, Inc.*, 424 Pa. Super. 230, 236, 622 A.2d 355, 357 (1993). "The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense, and they must be sufficient to convince the court that the averments are not merely subterfuge." *In re Estate of Schofield*, 505 Pa. 95, 477 A.2d 473 (1984) (citing *Sokoloff v. Strick*, 404 Pa. 343, 172 A.2d 302 (1961); *Hornsby v. Lohmeyer*, 364 Pa. 271, 72 A.2d 294 (1950); *Rice v. Braden*, 243 Pa. 141, 89 A. 877 (1914)). "A more specific complaint will not be required where the details requested are evidentiary in nature." *Hock v. L.B. Smith, Inc.*, 69 Pa. D. & C. 2d 420, 423 (Pa. Com. Pl. Columbia 1974) (citing *General Acceptance Corp. v. Wilson*, 40 Northumb. L.N. 54).

"A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999) (citing *Gen. State Auth. v. Coleman Cable & Wire Co.*, 27 Pa. Cmwlth. 385, 365 A.2d 1347, 1349 (1976)). A complaint must contain specific acts or omissions that establish the alleged breach of contract. *General State Authority v. Sutter Corp.*, 44 Pa.Cmwlth. 156, 161-162, 403 A.2d 1022, 1025 (1979).

The plaintiff avers that the parties entered into an oral partnership agreement in which the defendant would supply the initial capital and the plaintiff would provide his skills and services. The plaintiff also stated that the parties were to share equally in the proceeds of the

business after the defendant was reimbursed for his initial investment. However, it is alleged that the defendant did not permit the plaintiff to participate in partnership affairs after October 8, 2011, and refused to pay over to the plaintiff his share of the partnership proceeds. The plaintiff also explains that the amount of damages he suffered is not currently ascertainable as the defendant has possession of all information regarding the amount of the partnership proceeds. It appears as though the plaintiff has provided the defendant with sufficient facts to prepare a defense as he has stated the terms of the oral contract and the manner in which he performed his responsibilities. Moreover, the plaintiff has explained that the defendant breached the contract by refusing to permit the plaintiff from participating in the business activities and for failing to pay the plaintiff his share of the partnership proceeds. The only aspect of the plaintiff's amended complaint that may be lacking is he has not provided a specific amount of damages he is seeking; but, that is attributable to the defendant having sole access to the financial records of the partnership and the plaintiff will only receive that information through discovery. Therefore, the defendant's second preliminary objection is overruled.

Third, the defendant argues that count III of the plaintiff's amended complaint lacks specificity as the plaintiff failed to adequately aver facts establishing that the defendant made a material misrepresentation.

The plaintiff is required to aver the elements of fraud, which are as follows: "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant

to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." *Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa. Super. 2006) (citing *Rizzo v. Michener*, 401 Pa. Super. 47, 61, 584 A.2d 973, 980 (1990)). Moreover, Pa.R.C.P. No. 1019(b) mandates that fraud must be averred with particularity. Although it is impossible to establish precise standards as to the degree of particularity, the courts have established that the following two conditions must be met: (1) "the pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense" and (2) "they must be sufficient to convince the court that the averments are not mere subterfuge." *Youndt v. First National Bank of Port Allegany*, 868 A.2d 539, 544-545 (Pa. Super. 2005). The plaintiff must, at the very least, set forth the exact statements or acts which constitute the fraudulent misrepresentations. *Id.*, 868 A.2d at 545 (citing *McGinn v. Valloti*, 363 Pa. Super. 88, 525 A.2d 732, 734 (1987)). Pa.R.C.P. No. 1019(b) prohibits a plaintiff from merely pleading legal conclusions and requires that facts supporting the claim of fraud are alleged. *Borelli v. Barthel*, 205 Pa. Super. 442, 448, 211 A.2d 11, 14 (1965). "Averments of fraud are meaningless epithets unless sufficient facts are set forth which will permit an inference that the claim is not without foundation nor offered simply to harass the opposing party and to delay the pleader's own obligations." *Bata v. Central-Penn Nat. Bank of Philadelphia*, 423 Pa. 373, 379, 224 A.2d 174, 179 (1966). Allegations of fraud must be more than mere legal conclusions and must convince the court that

the averments are not subterfuge. *Bash v. Bell Telephone Co. of Pennsylvania*, 411 Pa. Super. 347, 359, 601 A.2d 825, 831 (1992) (citations omitted) (superseded on other grounds). Pa.R.C.P. No. 1019(b) is not overly burdensome and simply requires that the plaintiff pleads facts sufficient to permit the defendant to prepare his defense. *Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 587 A.2d 382 (1991) (citing *Commonwealth v. National Apartment Leasing Company*, 108 Pa. Cmwtlh. 300, 529 A.2d 1157 (1987); *McGinn v. Valloti*, 363 Pa. Super. 88, 525 A.2d 732 (1987)).

The plaintiff has averred in his amended complaint that the defendant made an oral representation to the plaintiff that he would be entitled to share equally in the partnership proceeds, if he expended his time, effort, experience and skill to the partnership's business. The plaintiff states that he relied upon that representation and expended his time, effort, experience and skill in furtherance of the business. He also explained the defendant knew that his promises to the plaintiff were false. The plaintiff averred that as a result of those misrepresentations, he has incurred pecuniary damages. The plaintiff has set forth sufficient facts to establish each element of fraud and has done so with the appropriate level of specificity. The facts averred in the amended complaint set forth that the defendant made a material misrepresentation when he agreed to provide the plaintiff with an equal share of the partnership proceeds in return for the defendant's time, effort, experience and skills. The scienter requirement and the defendant's intention to induce action by the plaintiff was also pleaded by the plaintiff by stating that the defendant

knew the falsity of that offer, yet permitted the plaintiff to expend his efforts towards furthering the partnership business. Moreover, the amended complaint explained the plaintiff justifiably relied upon those representations and performed his portion of the agreement. As a result, the plaintiff asserts that he suffered pecuniary damages. Therefore, the defendant's Third preliminary objections is overruled.

In his fourth preliminary objection, the defendant contends that count IV of the plaintiff's amended complaint is legally insufficient as the plaintiff has failed to aver that the defendant deliberately deprived the plaintiff of his personal property because that claim was based upon an alleged claim for withholding future proceeds from the purported partnership.

"A conversion is the deprivation of another's right of property in, use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *Gottesfeld v. Mechanics & Traders Ins. Co.*, 196 Pa. Super. 109, 115, 173 A.2d 763, 766 (1961) (citing *Pearl Assurance Company, Ltd. v. National Insurance Agency, Inc.*, 151 Pa. Super. 146, 30 A.2d 333 (1943)). The plaintiff must aver that he or she has a possessory right to the chattel, which includes being the possessor or maintaining the right to immediate or future possession. *Spickler v. Lombardo,* 3 Pa. D. & C. 3d 591, 601 (Pa. Com. Pl. 1977). Moreover, the defendant must exercise dominion or control over the chattel, which includes: "(a) acquiring possession of the goods; (b) transferring the goods in a manner which deprives the

owner of control; (c) withholding possession from one who had the right to it, and (d) damaging or misusing the chattel." *Id.* That exercise of dominion or control must result in serious deprivation of the plaintiff's possessory right to an extent that requires the defendant to pay the full value of the chattel. *Id.*

It is apparent that money can be the subject property in a conversion action. *Pioneer Commercial Funding Corp. v. American Financial Mortgage Corp.,* 797 A.2d 269, 280 (Pa. Super. 2002). In that case, the plaintiff was entitled to proceeds from mortgage notes resulting from a security interest in notes and mortgages obtained by a mortgage banker, who typically endorsed the notes and delivered them to the plaintiff. The mortgage banker entered into bankruptcy and was purchased by a company that was a mortgage originator. The mortgage banker, the mortgage originator and the plaintiff then entered into a loan and security agreement naming the mortgage originator as the borrower. Under the agreement, the plaintiff would continue to fund the mortgage banker's loans and those notes would be sent from another bank to the mortgage originator under a bailee letter, who would send them along to yet another financial institution, bank one. That financial institution would then wire funds directly to the plaintiff's account. However, bank one began wiring those funds to the mortgage originator, instead of the plaintiff. As a result, the plaintiff filed a claim for conversion and the jury returned a verdict in its favor. Bank One filed post-trial motions seeking judgment notwithstanding the verdict (hereinafter "JNOV") and a new trial or remitter. The trial court denied the motion for JNOV, but granted

remitter. Bank One filed a timely appeal claiming that the evidence was insufficient to support the plaintiff's claim for conversion, amongst various other issues. The Pioneer court held that the plaintiff provided sufficient evidence to support a jury verdict for the claim of conversion against Bank One as the plaintiff was able to establish that it was entitled to the fund proceeds regarding the mortgage notes that were incorrectly wired to mortgage originator. *Id.*

In the case sub judice, the plaintiff averred that he provided his time, effort, experience and skill to the partnership as he agreed to do in exchange for the right to share in the partnership proceeds. However, the defendant did not permit the plaintiff to share in those proceeds. The amended complaint alleges that the plaintiff provided the necessary work required to fulfill his obligations pursuant to the oral partnership agreement, but was denied his share of the partnership proceeds. This situation is similar to the Pioneer case where the plaintiff was properly awarded a jury verdict for its claim of conversion against Bank One because it was entitled to the funds that were wired to the mortgage originator as the plaintiff performed its required duties pursuant to the agreement. In the current case, the plaintiff is arguing that he has a right to half of the partnership proceeds and was denied access to the same by the plaintiff. The defendant has exercised dominion or control over that property by denying the plaintiff access to the proceeds. As such, the amended complaint sets forth a valid claim for conversion. Therefore, the defendant's fourth preliminary objection is denied.

The defendant's fifth preliminary objection asserts

count V of the plaintiff's amended complaint lacks specificity and is legally insufficient as it asserts a claim for unjust enrichment but fails to aver what effort, time, skills and experience the plaintiff performed for the benefit of the defendant.

The essential elements of an unjust enrichment claim are "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Styer v. Hugo*, 422 Pa. Super. 262, 267, 619 A.2d 347, 350 (1993) (quoting *Wolf v. Wolf*, 356 Pa. Super. 365, 514 A.2d 901 (1986)). The focus of that inquiry is on whether the defendant has been unjustly enriched, outside of the intention of the parties. *Id.*, 422 Pa. Super. at 268, 619 A.2d at 350 (citations omitted). "The doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff." *Id.* (citing *Meehan v. Cheltenham Tp.*, 410 Pa. 446, 189 A.2d 593 (1963)). The defendant does not have to intentionally accept the benefit; the focus is on the question of whether the defendant has been unjustly enriched. *Com. ex. Pappert v. TAP Pharmaceutical Products, Inc.*, 885 A.2d 1127, 1137 (Pa. Cmwlth. 2005) (*Torchia v. Torchia*, 346 Pa. Super. 229, 499 A.2d 581 (1985)). "[T]he plaintiff bears the burden of establishing either that the defendant wrongfully secured the benefit or passively received a benefit that it would be unconscionable to retain." *Id.* "Whether the doctrine applies depends on the unique factual circumstances of each case." *Stoekinger v. Presidential Financial Corp. of*

*Delaware Valley,* 948 A.2d 828, 833 (Pa. Super. 2008).

In the current case, the plaintiff has attached two exhibits to the amended complaint chronicling the services he provided to the defendant. Exhibit A is a list of dates beginning with July 31, 2011 and ending with October 7, 2011, which stated all of the hours he worked at the bakery each day. Also, exhibit B is a narrative explaining all of the tasks performed by the plaintiff for the months of August, September and October of 2011. That exhibit was very detailed and set forth all of the duties performed by the plaintiff, which included cleaning equipment purchased on the internet by the partnership, attending auctions, driving to various locations to purchase additional equipment, repairing the building utilized for the bakery, baking and cooking. Those documents provide sufficient details to allow the defendant to commence with preparation of a defense. Any additional details sought by the defendant can be recovered during discovery. Therefore, count V of the amended complaint provides sufficient facts to adequately aver a claim for unjust enrichment and the defendant's fifth preliminary objection is overruled.

For the reasons set forth in this opinion, the defendant's preliminary objections are sustained in part and overruled in part. The defendant's first preliminary objection claiming a violation of Pa.R.C.P. No. 1024(b) is sustained; however, the defendant's second, third, fourth and fifth preliminary objections asserting violations of Pa.R.C.P. No. 1028 are overruled. The plaintiff is granted leave to amend his amended complaint in accordance with this opinion.

## ORDER OF COURT

Now this, day of May 31, 2013, this case being before the court on April 29, 2013, for oral argument on the preliminary objections to plaintiff's amended complaint filed by the defendant, with both parties appearing through their counsel, the plaintiff Phillip Edel, represented through counsel, John J. DeCaro, Jr., Esquire and the defendant Ted Callen, individually and d/b/a Two Fat Guys And An Oven, represented through counsel, Anthony S. Piatek, Esquire and after a consideration of the arguments and briefs presented and submitted by counsel and a thorough review of the applicable file, the court enters the following order and it is hereby ordered, adjudgeda nd decreed as follows:

1. In accordance with the attached opinion, the first preliminary objection in the nature of an improper verification is hereby sustained.

2. In accordance with the attached opinion, the second, third, fourth and fifth preliminary objections are hereby overruled.

3. Plaintiff shall have twenty (20) days after receipt of this order of court to file an amended verification.

4. Upon filing the amended verification, defendant shall have twenty (20) days to file an answer to the amended complaint.

5. The prothonotary is directed to serve a copy of this order of court upon counsel of record, John J. DeCaro, Jr., Esquire and Anthony S. Piatek, Esquire.