# Leh *v.* Dutt, Appellant.

*Appeals—Theory on which case is tried below.*

A party will not be heard to question the correctness of the submission of a case where the court below has submitted it from the standpoint in which both parties to the issue manifestly tried it. The appellate court reviews only questions considered and determined in the court below.

A litigant may not sit silent and take his chance of a verdict, and afterwards, if it is adverse, complain of a matter which would have immediately been corrected at the time of trial.

*Appeals—Assignment of errors—Charge—Admission or exclusion of testimony.*

Detached excerpts which do not give the completed thought of the trial judge are not proper assignments of error, inasmuch as they are always misleading and unfair.

Assignments of error to the admission or exclusion of testimony must quote the questions or offers, the objections thereto, and the ruling of the court thereon.

Syllabus—Assignment of Errors. [66 Pa. Superior Ct.

When an offer of evidence contains relevant and irrelevant matters, and is made as a whole, the judge is not bound to separate the good from the bad, but may reject all.

. Argued Dec. 7, 1916. Appeal, No. 255, Oct. T., 1916, by defendant, from judgment of C. P. Northampton Co., Feb. T., 1916, No. 68, on verdict for plaintiff in case of Ella M. Leh, Administratrix of Milton H. Leh, deceased, v. William Dutt, trading as Dutt Brothers. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before STEWART, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $98.13. Defendant appealed.

*Errors assigned* were (1-13) various excerpts from the charge quoting them; (16, 17) as follows:

16. The court below erred in sustaining an objection to the offer of proof of the defendant as contained in appendix, 32a, upon William Dutt, the defendant being called to the stand, "we propose to prove by this witness that......after the twenty-seventh of September, 1913, the witness noticed frequent discharges of milky colored and dark colored urine from the horses and reported it to his veterinary surgeon, who doctored the horse after the twenty-seventh of September until the present time; and everything occurring after the death of Milton Leh."

17. The court below erred in sustaining an objection to the following offer of proof on the part of the defendant. See Appendix 64a, upon the defendant himself going upon the stand: (By Mr. Kent): I wish now to prove by this witness all the physical manifestations of this horse after September twenty-seventh, 1913, the date of the death of M. H. Leh, extending over a period up to the present time. (By the Court): The objection is

171, (1917).] Assignment of Errors—Opinion of the Court.

sustained so far as it relates to any testimony of the witness concerning the condition of the animal, because that testimony would tend to prove the base of the defendant's claim of warranty, which necessarily was made prior to the death of Mr. Leh.

*Everett Kent,* for appellant.

*C. F. Smith,* of *Smith, Paff & Laub,* for appellee.

OPINION BY ORLADY, P. J., March 16, 1917:

In Achenbach v. Stoddard, 253 Pa. 338, it is held: "It is familiar practice, recognized and enforced by this court that a party will not be heard to question the correctness of the submission of a case after the court has submitted it from the standpoint in which both parties to the issue manifestly tried it. This court reviews only questions considered and determined in the court below. We will not convict the trial court of error in not having ruled the case on a question which both parties concede was not in it": Richardson v. Flower, 248 Pa. 35. "A litigant may not sit silent and take his chance of a verdict, and afterwards, if it is adverse, complain of a matter which would have been immediately corrected at the time of trial": Reznor Manufacturing Coal Co. v. Bessemer and Lake Erie R. R. Coal Co., 233 Pa. 369. The same rule obtains in appeals to this court. An examination of the excerpts assigned for error and considering them with relation to what immediately precedes and follows in the body of the charge, it clearly appears that the disputed questions of fact were fully and adequately submitted to the jury, without any improper suggestions from the court as to how they should be disposed of. A fair sample, of a number of references, is found in the first assignment of error: "I am not undertaking to say nor to indicate to you which one of these two men is giving you the best or most correct recital of what took place"; and again (from the 7th assignment

of error), "Is there any evidence in this case when Mr. Leh was at Bangor? I find none. If I am not right, I want counsel now to correct me." And from the 12th assignment of error, "If you believe what Mr. Koch says, that there was a sale without any warranty, then your verdict should be in favor of the plaintiff for the full amount of the claim." Similar expressions are found in each of the thirteen assignments of error. The completed thought of the trial judge should be given in such specifications, and not detached excerpts, which are always misleading and unfair: Mapes v. Pittsburgh Provision & Packing Co., 31 Pa. Superior Ct. 453; Murphy v. Dyer, 223 Pa. 18.

The sixteenth and seventeenth assignments of error do not conform to Rule No. 16, of this court, and we have frequently held that where the rule is violated they will not be considered: Sheridan v. Gray's Ferry Abattoir Co., 214 Pa. 115. The assignments of error to the admission or exclusion of testimony must quote the questions or offers, the objections thereto, and the ruling of the court thereon. The ruling of the court is necessarily upon the sufficiency of the objection, and an assignment of error which does not show the ground of the objection does not make clear what the ruling of the court was: Quaker City Bank v. Hepworth, 21 Pa. Superior Ct. 566. When an offer of evidence contains relevant and irrelevant matters and is made as a whole, the judge is not bound to separate the good from the bad but may reject all: Mease v. United Traction Co., 208 Pa. 434.

The testimony in this case was so conflicting that the disputed question was purely one for the jury, and there is ample evidence to justify the finding of the small verdict in the plaintiff's favor. The record is free from any error which would justify a retrial of the case. The assignments of error are overruled, and the judgment is affirmed.