# Stone, Appellant, *v.* Stone et al.

*Equity—Practice, Equity—Findings of fact—Equity—Rule 62 —Appeals—Exceptions—No objection in court below—Basic error —Trusts and trustees.*

1. Where in an equity case the chancellor's findings of fact are "in his own language" as allowed by the amendment of June 27, 1919, and are concise, unambiguous and material, covering all requests marked "refused," a technical violation of Rule 62 is not ground for reversal.

2. Where an assignment of error is not based on any exception taken in the court below, and the trial judge's attention has not been called to the matter of which complaint is made, the appellate court will not consider the matter unless the error is basic and fundamental.

3. In an equity suit to establish a trust, where the issue involved is much disputed, and a number of witnesses testify on each side, the findings of the chancellor will be sustained, on appeal, if the record discloses evidence justifying the conclusions reached.

Argued January 17, 1923.  Appeal, No. 211, Jan. T,. 1923, by plaintiff, from decree of C. P. No. 1, Phila. Co., June T., 1921, No. 10,044, dismissing bill in equity in case of Charles Stone v. Lizzie Stone and Centennial National Bank of Philadelphia.  Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill to declare trust.  Before PATTERSON, P. J.

Bill dismissed by SHOEMAKER, P. J.  Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Thomas S. Lanard,* for appellant.

*Joseph Gross,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 9, 1923:

This is a bill to establish a trust relation with respect to $11,500 transferred to appellant's wife.

Complaint is made that the court below did not answer complainant's requests for findings of fact as required by Rule 62: Glenn v. J. C. Trees Oil Co., 266 Pa. 74, 81. There may have been a technical violation of this rule. We do not so hold in view of the amendment of June 27, 1919, which empowers the judge to state findings of fact "in his own language." And all requests of the parties "not so adopted and embodied shall be either affirmed, refused, or modified, with such statement in regard thereto as may be deemed necessary." Some requests were marked "refused," but as the findings of the chancellor are concise, unambiguous and material, fully answering all the requests so marked, no harm has been done the complainant, even if there had been a technical violation of the rule. We would not reverse the case on this ground alone. Moreover, no exception in the court below specified the error here urged, and when the trial judge's attention is not called to the specific matter, we will not consider it unless the error is basic and fundamental: Achenbach v. Stoddard, 253 Pa. 338; Leh v. Dutt, 66 Pa. Superior Ct. 171.

It is not necessary to decide whether the mere possession of money by the wife was sufficient evidence of ownership, nor to review authorities bearing thereon. It may be prima facie, but, even if the court below misconceived the law on this subject, the salient feature plainly appearing in the findings is that the money was given in consideration of the settlement of a lawsuit. It was not necessary for the chancellor, in support of his decision, to reply on a presumption arising from possession; it is evident it had no weight in the ultimate determination of the case. The testimony of Mr. Evans, a member of the bar, may have been persuasive, but not conclusive. It was not error to refuse to adopt it in the face of other relevant evidence. It was to be considered with all the

facts, and as he was to receive a percentage of any money collected on account of the alienation litigation, as appellee's counsel states, it may be his client deliberately misstated the fact that the suit was voluntarily discontinued without compensation. What appellant attempted was to establish a trust; this could be done only by clear, explicit and unequivocal evidence. Here it was very much disputed, with a number of witnesses on each side,—appropriate for the application of the rule that the findings of the chancellor are to be sustained if the record discloses evidence justifying the conclusions reached: Glenn v. Trees, 276 Pa. 165, and authorities cited. The court below did not commit reversible error in holding there was an absolute transfer of the money based on an adequate consideration.

The decree of the court below is affirmed, at the cost of appellant.