## Sneiderman, Appellant, *v.* Kahn et ux.

Argued September 25, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

John B. Brooks, with him Brooks, Curtze & Silin, for appellant.

John A. Spaeder, with him Ritchie T. Marsh and Marsh, Spaeder, Baur & Marsh, for appellees.

OPINION BY MR. JUSTICE PATTERSON, October 31, 1944:

This is a bill in equity by Irwin Sneiderman, appellant, against Theodore Kahn and Marion B. Kahn, his wife, appellees, to compel the conveyance of certain real estate to him or, in the alternative, to have appellees declared mortgagees of said real estate. Preliminary objections to the bill were sustained, whereupon an amended bill in equity was filed. This appeal is from the decree of the court below sustaining preliminary objections to said amended bill for the reason that it averred a cause of action prohibited by the Statute of Frauds.

The original and amended bills contain the following material averments: Prior to February 21, 1940, Sneiderman had entered into an oral contract with The Henry Mayer Corporation to purchase premises situate at 3121 Peach Street, Erie, Pennsylvania, for $2,500. Thereafter Sneiderman, appellant, and Theodore Kahn, appellee, orally agreed that Kahn would advance to appellant the necessary $2,500. In consideration therefor appellant was to pay $40 per month for a period not longer than two years, during which time he was to raise and pay to appellee $3,000. Prior to the date of settlement Kahn suggested that title to the premises be made to him for the purpose of establishing security for performance by appellant of his oral agreement. Upon payment of the $3,000 appellees were to convey the premises to appellant. Kahn at numerous times, both before and after delivery of the deed to him, agreed to give appellant a memorandum in writing setting forth the oral agreement. No such memorandum was ever made. Before delivery of the deed appellant entered upon the prop-

erty and made numerous improvements and shortly thereafter went into possession. The amount of money expended by Sneiderman in improving the property was $562.15. On February 13, 1940, Kahn made a written offer to the Mayer Corporation to purchase the real estate in question for $2,500. This offer was accepted on the same date. Title to the premises was taken in the name of Theodore Kahn and Marion B. Kahn, his wife.

In December, 1941, Sneiderman requested Kahn and his wife to make a conveyance to him and tendered the agreed sum of $3,000. This tender was refused but an oral demand for $4,000 was made; subsequently the demand was increased to $6,000. Appellant, in open court, made tender to appellees of $3,000, with interest, from February 1, 1942. Preliminary objections to the bill were sustained, whereupon an amended bill was filed and as a part thereof Sneiderman attached the written offer of Kahn and the written acceptance by the Mayer Corporation. Also attached was an itemized statement of expenditures by appellant to improve the property. Preliminary objections alleging the bill to be defective for the reason that appellant had not set forth a cause of action sufficient to take his case out of the Statute of Frauds were sustained by the court below. This appeal followed.

Appellant contends that he has averred facts legally sufficient to sustain his cause of action under the Statute of Frauds and to constitute appellees trustees *ex maleficio*. Appellees argue that Sneiderman has averred no more than the breach of a parol agreement to make a conveyance of real estate.

Section 4 of the Act of 1856, P. L. 532, 33 P.S. section 2, provides: "All declarations or creations of trusts or confidences of any lands, tenements or hereditaments, and all grants and assignments thereof, shall be manifested by writing, signed by the party holding the title thereof, or by his last will in writing, or else to be void: Provided, That where any conveyance shall be made of

any lands or tenements by which a trust or confidence shall or may arise or result by implication or construction of law, or be transferred or extinguished by act or operation of law, then and in every such case such trust or confidence shall be of the like force and effect as if this act had not been passed." A resulting trust can be raised only by actual fraud against the putative *cestui que trust* in obtaining title or by the payment of purchase-money by him at the time title is acquired: *Jourdan v. Andrews,* 258 Pa. 347, 353; *Turney v. McKown,* 242 Pa. 565, 568; *Watkins and Miller v. Watkins,* 101 Pa. Superior Ct. 426, 428. See *Metzger v. Metzger,* 338 Pa. 564, 568. Not only must evidence in support of a trust be clear, precise and convincing (*Dorr v. Leippe,* 286 Pa. 17, 21; *Stone v. Stone,* 277 Pa. 277, 279; *Jourdan v. Andrews,* supra, 353) but facts averred in the bill must be of equal dignity; *Watkins and Miller v. Watkins,* supra, 429.

The averments contained in the original and amended bills are not of the character required to support a parol trust of real estate. There has been a breach of an oral contract to convey real estate and a failure to put that agreement into writing. Improvements made by appellant are compensable in damages, to wit, $562.15. Sneiderman was not a party to any written agreement. He paid none of the purchase money at the time of settlement or thereafter. Equitable or legal title to the real estate never vested in him. He had no interest in the land. No relationship exists between the parties which is of itself sufficient to justify a confidence reposed in the putative trustee. Cf. *Metzger v. Metzger,* supra, 568.

The mere refusal to perform an oral promise is insufficient to raise a resulting trust. There must be more. ". . . unkept promises, declarations or misrepresentations, which will create a trust ex maleficio, must be made before or at the time the legal title is acquired, for nothing subsequently said by the grantee will avail for that purpose; the evidence in support of a 'trust or con-

fidence' as to land must be clear, precise and convincing, and a mere refusal to perform an oral promise is not sufficient to raise such a status": *Jourdan v. Andrews,* supra, 353, and cases therein cited. Appellee's failure therefore to fulfill his promise to reduce the agreement to reconvey to writing forms no basis for a finding of fraud at the time of transfer of title. His subsequent promises to do so are likewise insufficient: *Jourdan v. Andrews,* supra, 353; *Turney v. McKown,* supra, 568. In *Myers v. Byerly,* 45 Pa. 368, 370-71, this Court held that a parol agreement to purchase land and convey it to another whenever advances are repaid is rendered unenforcible by the Statute of Frauds. A promise by a purchaser at a sheriff's sale, made to one who was a stranger to the title, to reconvey the premises falls within the prohibition of the Statute of Frauds: *Lancaster Trust Co. v. Long,* 220 Pa. 499, 502: *Wolford v. Herrington,* 86 Pa. 39, 43. While a sheriff's sale is not here involved it is true nevertheless that Sneiderman is a complete stranger to the title and no facts are averred which remove this case from the general rule that a mere breach of the agreement to reconvey is insufficient to raise a trust.

Appellant contends, however, that although he may not be entitled to a conveyance, appellees should be decreed to be mortgagees of the real estate because title was taken as security only. This argument is without merit. A mortgage presupposes an ownership of interest in the land. This, Sneiderman did not have. Nor is he indebted to appellee for the purchase price.

Appellant has failed to aver the essentials of an implied trust. He has failed after a direction to amend and we may, therefore, assume, as did the court below, that their averments are the best they could make. The court below properly concluded that "there is no basis for the amended bill of complaint or the original bill . . . which would warrant any claim to a constructive trust."

Order affirmed. Costs to be paid by appellant.