Mary M. MacRAE, Plaintiff-Appellant
(in 12935),

v.

AFRO–AMERICAN COMPANY, Defendant-Appellant (in 12936).

Nos. 12935 and 12936.

United States Court of Appeals
Third Circuit.

Argued Jan. 5, 1960.

Decided Jan. 18, 1960.

Laurence H. Eldredge, Philadelphia, Pa. (Francis X. Diebold, Philadelphia, Pa., on the brief), for plaintiff-appellant.

Sydney C. Orlofsky, Philadelphia, Pa. (Francis W. Sullivan, Philadelphia, Pa., on the brief), for defendant-appellant.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

We are satisfied that the trial judge had no alternative but to let this libel action go to the jury on the merits. We are also satisfied that the court did not act improperly in setting aside the punitive damage award.

The question of punitive damages was still an issue at the time the jury arrived at its verdict for compensatory damages. On this point quite rightly the jury had before it evidence of defendant's financial status. The defendant-appellant asserts that this fact seriously prejudiced it with respect to the amount of compensatory damages. We find no substantial basis for that claim.

There was evidence to support plaintiff's contention that her damages were heavy. The jury quite evidently so believed. It sharply differentiated in amount between the two types of damages allowed; for plaintiff's proven compensatory losses, she was given $30,000 whereas the damages by way of punishment amounted to only two-thirds of that sum, $20,000.

Judge Grim carefully and accurately outlined to the jury the formula for arriving at a figure for compensatory damages if that calculation became necessary. He said:

"Compensatory damages, as the name implies, may be awarded

against the defendant to compensate the plaintiff for actual harm the plaintiff has suffered. They are damages for harm to reputation, for emotional distress and for physical harm resulting from such distress.

"Punitive damages are of a different type and for a different purpose, and I will explain them later on.

"On the problem of compensatory damages, the first element to be considered is the harm, if any, that has been caused to the plaintiff's reputation in her community, whether her reputation has been lost or damaged by the defendant's article.

"If the plaintiff has shown definite loss of reputation and if you find that publication of such a statement is of such a kind as to justify the inference of some general impairment of her reputation, she is entitled to recover damages in the amount of fair compensation therefor. A person * * * libeled in a suit for defamation is also entitled to receive fair compensation for emotional distress and bodily harm resulting therefrom which is proved to have been caused by the defamatory publication or, in the absence of such proof, for such emotional distress as normally results from such publication.

"With reference to this problem, remember Mrs. MacRae's testimony to the effect that she was recovering from the emotional distress caused by the suicide when she heard of the article, and that this caused her new emotional distress which has continued to some extent to the present time. Remember also what the doctors said about this and what other evidence in the case there may be in reference to it.

"The defendant had nothing to do with the suicide and is not responsible for any emotional distress that resulted from the suicide alone. The only emotional distress for which the defendant can be held liable is that resulting from the publication. This includes aggravation of the emotional distress, if any, that the plaintiff was suffering from the suicide of her daughter at the time she heard of the publication.

"You will recall the testimony as to the state of her emotions at that time. If you find that plaintiff's emotional distress caused her physical harm, that is an additional element of the compensatory damage which you may consider. In this connection you will recall the testimony of all the doctors as to the state and extent of her physical condition as well as the cause of it."

The court then gave instructions in detail concerning punitive damages. At the end of the main charge, the court gave the jury two written interrogatories to answer in the event of a verdict in favor of the plaintiff. They read: (1) "Does your verdict include a sum for punitive damages? (answer yes or no)"; (2) "If your answer is 'yes', answer this question. What sum have you included in your verdict as an award for punitive damages?"

The two last affirmative items charged by the court prior to the jury retiring were defendant's requests Nos. 18 and 21 which the court affirmed and read to the jury. These are first, No. 18, dealing with compensatory damages generally which states:

"If in its consideration of the case the jury decides to award compensatory damages the award for compensatory damages must be only for such damages as the jury finds were directly and proximately caused to the plaintiff by the publication of the article sued upon insofar as the article related to the plaintiff."

And No. 21, having to do with compensatory damages for loss of reputation:

"Compensatory damages, if awarded at all, must be fixed at such figure as the jury dispassionately and on the evidence finds to be commensurate with the injury to repu-

tation actually sustained by plaintiff as a result of the article complained of."

The court's simple language was not reasonably subject to misinterpretation. We find no sound indication that the jury failed to follow it.

The judgment of the district court will be affirmed.