**Castellani v. The Scranton Times, LP., et al.**

*Richard A. Sprague, Geoffrey Johnson,* and *Lawrence Moran,* for plaintiffs.

*Kevin C. Abbot* and *J. Timothy Hinton Jr.,* for defendants.

MAZZONI, *J.,* March 4, 2011—

## I. INTRODUCTION

What is before this court are defendant The Scranton Times, L.P. and Jennifer Henn's (hereinafter referred to as "Scranton Times") motion for summary judgment, and plaintiffs Randall A. Castellani and Joseph J. Corcoran's

motion for partial summary judgment. Briefs in support of and in opposition to the respective motions have been submitted and arguments of counsel have been received.

In its motion, defendant Scranton Times maintains:

a.   The subject statements are not defamatory but constitute opinions and hyperbole.

b.   Plaintiffs cannot meet their burden of proving falsity.

c.   Plaintiffs cannot meet their burden of proving malice.

d.   The September 18, 2004 article is neither false nor defamatory and is privileged as a fair report of Judge Garb's opinion.

e.   Plaintiffs cannot meet their burden to prove punitive damages.

In the plaintiffs' motion for partial summary judgment, the plaintiffs are requesting partial summary relief on the element of falsity regarding the defendants' publications.

## II. STANDARD OF REVIEW

According to Rule 1035.2 of the Pennsylvania Rules of Civil procedure, after the pleadings are closed, any party may move for summary judgment when (1) there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) after the completion of discovery, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in

a jury trial would require the issues to be submitted to the jury. Pa.R.Civ.P. 1035.2.

A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. *Phillips v. Selig*, 959 A.2d 420, 427 (Pa. Super. 2008). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Jones v. Snyder*, 714 A.2d 453 (Pa. Super. 1998). The record will be viewed in a light most favorable to the non-moving party, and any doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Shumosky v. Lutheran Welfare Services of Northeastern Pa., Inc.,* 784 A.2d 196, 199 (Pa. Super. 2001).

In order to withstand a motion for summary judgment, a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. *Valles v. Albert Einstein Med. Center,* 758 A.2d 1238, 1243 (Pa. Super. 2000).

The trial court is not to decide issues of fact, but merely to determine whether any such issues exist. *Boring v. Erie Ins. Group*, 641 A.2d 1189 (Pa. Super. 1994). Determinations of credibility are for the fact finder. *Janis v. AMP, Inc.*, 856 A.2d 140 (Pa. Super. 2004).

## III. DISCUSSION

### A. *APPLICABLE LAW*

In the first instance, the trial court must make a preliminary determination as to whether the subject communication(s) can be construed to have a defamatory meaning. *Kurowski v. Burroughs*, 994 A.2d 611 (Pa. Super. 2010). It is the plaintiff's burden to prove that the challenged statements are defamatory statements resulting in the specific harm. 42 Pa.C.S.A. §8343(a).

A statement "is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or deter third persons from associating or dealing with him." *Steaks Unlimited, Inc. v. Deaner*, 623 A.2d 264 (3d Cir. 1980). A statement is also defamatory if it ascribes to another, conduct, character, or a condition that would adversely affect his fitness for the proper conduct of his proper business, trade or profession. *Maier v. Maretti*, 671 A.2d 701, 704 (Pa. Super. 1995), app. denied, 694 A.2d 622 (Pa. 1997).

In determining whether a communication is defamatory, the court must determine whether the challenged communication can be fairly and reasonably be construed to have a libelous meaning ascribed to it. *Corabi v. Curtis Pub. Co.*, 441 Pa. 432, 273 A.2d 899 (Pa. 1971), overturned on other grounds by *Dunlap v. Philadelphia Newspapers, Inc.*, 448 A.2d 6 (Pa. Super. 1982). The court must view the statement in context with emphasis upon the effect the statement is fairly calculated to produce, the impression it would engender, in the minds of average persons among whom it is intended to circulate. *Remick v. Manfredy*, 238 F.3d 248 (3d Cir. 2001). Publications which tend to merely embarrass or annoy are not sufficient to support a claim for defamation. *Blackwell v. Eskin*, 916 A.2d 1123 (Pa. Super. 2007). In making the preliminary analysis as

to the meaning of the article, the article must be construed as a whole, and each statement must be read in the context of other statements. *MacRae v. Afro-American Co.*, 172 F.Supp. 184 (E.D. Pa. 1959), aff'd 274 F.2d 287 (1960). Our Supreme Court in *Corabi*, supra, has stated:

> The test is the effect the article is fairly calculated to produce, the impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate. The words must be given by judges and juries the same signification that other people are likely to attribute to them. *Corabi*, supra, at 907.

As an additional element, where the subject action is against a media defendant and/or is a matter of public concern, the plaintiff not only bears the burden of proving fault but also bears the burden of proving falsity. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2nd 783 (1986).

Recognizing the latitude that is afforded the freedom of expression regarding imaginative expression or rhetorical hyperbole, there is no wholesale defamation exception for opinions. One may couch an expression in the form of an opinion or hyperbole, but there may be factual implications that arise out of the communication. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed 2d 1 (1990).

In a defamation action, if the plaintiff is a public figure or a public official, the plaintiff must also prove that the defendant published the challenged statements with "actual malice" or with knowledge that the statements were false or with reckless disregard as to whether it was

false or not. *Curran v. Philadelphia Newspapers, Inc.*, 546 A.2d 639 (Pa. Super. 1988), app. denied, 559 A.2d 37 (Pa. 1989); *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed. 2d 686 (1964). "Actual malice" is a constitutionally mandated fault standard which must be proven by clear and convincing evidence. *Sprague v. Walter,* 656 A.2d 890 (Pa. Super. 1995). "Actual malice" may be proven by circumstantial evidence of events surrounding the publication of the challenged statement, but that evidence must tend to establish fabrication, or at a minimum, the publisher had obvious reasons to doubt the veracity of the informant or the veracity of his reports.

It is important to note that because "actual malice" is a fault standard, the falsity of the statements alone does not establish "actual" malice." Similarly, evidence of ill will or desire to harm the plaintiff's reputation, although probative of the defendant's state of mind, without more, does not constitute "actual malice." Sprague, supra; *Lewis v. Philadelphia Newspapers, Inc.,* 833 A.2d 185 (Pa. Super. 2003).

The "fair report privilege" is a privilege which permits a news source to make a fair and accurate report of official governmental reports or proceedings if the publication is not made solely for the purpose of causing harm to the subject of the report. *Tucker v. Philadelphia Daily News,* 757 A.2d 938 (Pa. Super. 2000), app. granted by 796 A.2d 985 (Pa. 2001); aff'd in part, reversed in part, 848 A.2d 113 (Pa. 2004). This privilege has been held to apply to court proceedings. *Weber v. Lancaster Newspapers, Inc.*, 878 A.2d 63 (Pa. Super. 2005); *Binder v. Triangle Publications, Inc.*, 442 Pa. 319, 275 A.2d 53 (Pa. 1971). If the publication is fair, accurate and complete, and

not published solely for the purpose of causing harm, it is privileged and no responsibility attaches, even if the information contained therein is false or inaccurate.

The "fair report privilege" is not an absolute privilege, but a qualified one, and as such, it can be forfeited. One may overcome the privilege by establishing that the defendant overly embellished or made exaggerated additions to an account of the proceedings or the article was published solely for the purpose of causing harm. *Sciandra v. Lynett,* 409 Pa. 595, 187 A.2d 586 (Pa. 1963). In *Oweida v. Tribune-Review Pub.Co.*, 599 A.2d 230 (Pa. Super. 1991), the Supreme Court provided the standard for determining whether the "fair report privilege" has been forfeited by holding:

> The question of whether the fair report privilege has been abused has been distilled by the federal courts to a "gist" or "sting" test. "A statement is substantially accurate if its 'gist' or 'sting' is true, that is, if it produces the same effect on the mind of the recipient which the precise truth would have produced." *Williams v. WCAU-TV*, 555 F.Supp. 198, 202 (E.D.Pa.1983). The question is whether a reasonable person, comparing the complaint and the article as a whole, could conclude that the article was a fair and accurate rendition of the complaint. If the reader could conclude that the article carries with it a materially greater "sting", then the fair report privilege has been abused and is thus forfeited. See: *Lavin v. New York News, Inc.*, supra, 757 F.2d at 1419-1420. "An unfair summary in the present context is one that amplifies the libelous effect that publication of the government report verbatim would have on a reader who read it carefully-that carries a 'greater sting'."

*Lavin v. New York News, Inc.*, supra, 757 F.2d at 1426 (Becker, J., dissenting), quoting *Brown & Williamson Tobacco Corporation v. Jacobson*, 713 F.2d 262, 271 (7th Cir.1983). *Oweida*, supra, at 239.

The defendant bears the burden of establishing that the publication gives rise to a privilege. The issue as to whether or not the subject publication gives rise to a privileged "occasion" is one of law to be determined by the court. *First Lehigh Bank v. Cowen*, 700 A.2d 498 (Pa. Super. 1997). Once the existence of a privilege is established, the burden then shifts to the plaintiff to establish an abuse of that privilege. Whether that privilege is abused and thereby forfeited is essentially a factual issue, unless the trial court deems otherwise.[1]

### B. *WHETHER THE SUBJECT ARTICLES ARE CAPABLE OF A DEFAMATORY MEANING*

From a review of the subject articles, it is apparent that this is not a case where the writer is using "loose, figurative or hyperbolic language" to convey a harmless message. These are articles where a fact-finder could conclude that the plaintiffs were being described as not only evasive, vague and less than candid, but obstructive in the investigative process. Words such as "stonewall," "less than candid," could reasonably be interpreted to being obstructive, especially in relationship to a statutorily based investigative proceeding, looking into potential criminal conduct. The words used to describe the grand jury's reaction to the plaintiffs' grand jury testimony and/ or demeanor were unequivocally strong and the potential

---

1. If the evidence is so clear, the trial court can, as a matter of law, determine that the privilege was not abused. *Sciandra*, supra, at 586.

factual inferences therein become more significant because of the subject setting. More specifically, the challenged statements become much more significant because it describes the plaintiffs' testimony and/or conduct, under oath, before a state investigative grand jury.

There are one or more statements describing the grand juror's alleged irritability with the plaintiffs that one can consider to be rhetorical hyperbole but this court must consider the articles as a whole and determine whether the articles are capable of a defamatory meaning. For reasons recited above, it is this court's opinion that the articles themselves are in fact capable of a defamatory meaning.

Secondly, there are issues of material fact concerning the alleged falsity of the statement. At a minimum, and without addressing Judge Garb's opinion, the testimony of the plaintiffs, Attorney Larry Moran, and Castellani's transcript are alone a sufficient basis to overcome a request for summary relief.

The plaintiffs have argued that although the articles attribute actual quotes to the confidential source, the fact finder can reasonably conclude either that there was no source or the source denied making such statements. In either instance, the plaintiffs submit that the statements themselves were at best fabricated. At this procedural juncture and from a review of the Kolojejchick scenario, this theory seems to have evolved well beyond a bare argument. Applying the applicable standard of review, and affording the non-moving party any and all doubts, this court hereby concludes that the plaintiffs have submitted enough evidentiary support to defeat defendants' argument.

Although actual malice is a subjective standard, it can be established by circumstantial evidence of events surrounding publication of the alleged offensive statements. Notwithstanding same, the evidence must tend to establish fabrications, or at a minimum, the publisher had obvious reasons to doubt the veracity of the informant or the veracity of the reports. As indicated above, and addressing the evidence at this procedural juncture, the Kolojejchick scenario could cause a fact finder to conclude that there was no source or the source made no such statements. This alone is sufficient to defeat the defendants' request for summary relief on the issue of malice.

## C. *FAIR REPORT PRIVILEGE*

On the issue of privilege, the account of Judge Garb's decision was fair, accurate, and complete, and accordingly, the "fair report privilege" does apply, but the analysis does not stop there. The article of September 18, 2004 not only contains a republication of the challenged statements which were contained in the previous article, it also contains a statement made by the managing editor that the alleged confidential source was contacted and he (confidential source) "absolutely stands by his account of the Grand Jury testimony." The references to the challenged statements coupled with the reference(s) to a contact with the source can form a basis for forfeiture of the subject privilege. Accordingly, relief predicated on the "fair report privilege" is hereby denied.

## D. *PUNITIVE DAMAGES*

Punitive damages are an "extreme remedy" available only in the most exceptional circumstances. *Doe v.*

*Wyoming Valley Health Care Systems,* 987 A.2d 758 (Pa. Super. 2009). As stated in *Phillips v. Cricket Lighters,* 584 Pa. 179, 883 A.2d 439 (Pa. 2005),

> Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others. A defendant acts recklessly when his conduct creates an unreasonable risk of physical harm to another and such risk is substantially greater than that which is necessary to make his conduct negligent. Thus, a showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed. Rather, the plaintiff must adduce evidence which goes beyond a showing of negligence, evidence sufficient to establish that the defendant's acts amounted to intentional, willful, wanton or reckless conduct.... *Phillips,* supra, at 188-89, 883 A.2d at 445-46.

Punitive damages are appropriate only to deter and punish egregious behavior. *Martin v. John-Mansville Corp.,* 508 Pa. 154, 494 A.2d 1088 (Pa. 1985). In order to impose punitive damages, the wrongful conduct of the defendant must be outrageous. GJD by *GJD v. Johnson,* 552 Pa. 169, 713 A.2d 1127 (Pa. 1998); *Costa v. Roxborough Memorial Hosp.,* 708 A.2d 490 (Pa. Super. 1998). A court may allow punitive damages only if a defendant's conduct was malicious, wanton, reckless, or oppressive. *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (Pa. 1984). In *Takes v. Metropolitan Edison,* 655 A.2d 138, 140 (Pa. Super. 1995), the Superior Court emphasized that "our high court has specifically held that punitive damages *may not be*

*awarded for negligent or even grossly negligent conduct."* (Emphasis added.) Thus, punitive damages may not be awarded for conduct that constitutes *ordinary negligence such as inadvertence, mistake, errors of judgment and the like. McDaniel v. Merck, Sharpe & Dohme*, 553 A.2d 426 (Pa. Super. 1987) (Emphasis added.)

Courts in Pennsylvania have also noted that proof of outrageous conduct, like proof of bad faith or fraud, must be proven by clear, precise and convincing evidence. The importance of this rule cannot be underestimated, especially understanding what the imposition thereof would mean to the defendants. *Hutchings v. FSS Corp.,* 37 Pa. D. & C.3d 240 (C.C.P. 1982).

The general rule relating to punitive damages is set forth in §908(2) of the Restatement (Second) of Torts. That section provides:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

The type of conduct which can support a claim for punitive damages under Pennsylvania law is further described in Comment (a) to §500 of the Restatement (Second) of Torts:

> When the actor "knows or has reason to know...of facts which create a high degree of physical harm to

another, and deliberately proceeds to act, or fails to act, in conscious disregard of, or indifference to that risk.

See, *SVH Coal, Inc. v. Continental Grain Co.,* 526 Pa. 489, 587 A.2d 702 (Pa. 1991); *Martin v. Johns-Manville Corp.,* 508 Pa. 154, 494 A.2d 1088 (Pa. 1985); *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (Pa. 1984).

In *Feld v. Merriam,* supra, the Pennsylvania Supreme Court reaffirmed the standard governing the imposition of punitive damages as follows:

The court has embraced the guidelines of §908(2) of the Restatement (Second) of Torts regarding the imposition of punitive damages. Punitive damages may be awarded for conduct that is outrageous, because of a defendant's evil motive or his reckless indifference to the rights of others. See *Chambers v. Montgomery,* 192 A.2d 355 (Pa. 1963). Punitive damages must be based on conduct which is malicious, wanton, reckless, willful or oppressive. *Id.* at 358, citing *Hughes v. Babcock,* 37 A.2d 551(Pa. 1944).

Further, one must look to the act itself together with all of the circumstances, including the motive of the wrongdoers and the relations between the parties. *Chambers,* supra at 358. See also *Pittsburgh Outdoor Advertising Co. v. Virginia Manor Apartments, Inc.* 260 A.2d 801(Pa. 1970).

*The state of mind of the actor is vital. The act, or failure to act, must be intentional, reckless or malicious. Id.* at 747-748. (Emphasis added.)

The state of mind requirement set forth in *Feld* was further explained in *Smith v. Celotex Corp.,* 564 A.2d 209,

211 (Pa. Super. 1989). "The focus [on defendant's state of mind] is unquestionably proper, since the purpose, of punitive damages is to punish the defendant's conduct and deter similar behavior in the future." (citing *Kirkbride v. Lisbon Contractors, Inc.,* 521 Pa. 97, 555 A.2d 800 (Pa. 1989); Restatement (Second) of Torts, §908(1).

Without comprehensively addressing all of the plaintiffs' alleged factual basis for punitive damages, the dispute as to the existence of a source and the dispute as to whether the challenged statements were fabricated is sufficient at this procedural juncture to overcome a summary relief challenge.

## E. *PLAINTIFFS' MOTION FOR PARTIAL SUMMARY RELIEF*

As indicated at argument, this court concludes that Attorney Moran's notes are in and of themselves a sufficient basis to make the issue of falsity a factual issue and not one for summary relief.

### ORDER

And now, March 4, 2011, upon consideration of plaintiffs' and defendants' motions for summary judgment, briefs in support of and in opposition thereto, as well as arguments of counsel, and for reasons articulated herein, it is hereby ordered hereby ordered and decreed that:

1. Plaintiffs' motion for summary judgment is hereby denied.

2. Defendants' motion for summary judgment is hereby denied.